IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SALVADOR TORRES-GARCIA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br>Civil Case No. 2:10-CV-544 TS<br><br>Criminal Case No. 2:07-CR-60 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

On January 31, 2007, Petitioner was named in a four-count Indictment charging him with possession with intent to distribute a controlled substance, aiding and abetting, possession of a firearm/ammunition by a restricted person, and illegal reentry of a deported alien. On April 8, 2008, Petitioner pleaded guilty to Count I of the Indictment pursuant to Fed.R.Crim.P.

1

11(c)(1)(C). As part of the plea agreement, the parties agreed to a sentence of 151 months imprisonment. The Court accepted Petitioner's plea and sentenced him to 151 months custody on July 1, 2008. Judgement was entered the following day. Petitioner did not pursue direct appeal.

Nearly a year after Judgment was entered, Petitioner sought to amend the Judgment so that his federal sentence would run concurrent to a state sentence that Petitioner was serving. The Court denied the Motion, finding that there was no basis to amend the Judgment. Thereafter, Petitioner filed the instant Motion.

## II.  DISCUSSION

Petitioner raises two claims of ineffective assistance of counsel in his Motion. First, Petitioner argues that his counsel was ineffective for erroneously advising him that the Utah State Parole Board would likely parole Petitioner into federal custody, thereby essentially making Petitioner's federal sentence concurrent with his undischarged state term of imprisonment. Second, Petitioner argues that counsel was ineffective for failing to negotiate for and incorporate into his Rule 11(c)(1)(C) plea agreement a condition that his federal sentence run concurrently to his undischarged state sentence. For the reasons set forth below, the Court finds that Petitioner's first claim fails on the merits and that his second claim is barred by the applicable statute of limitations.[1]

---

[1] For the purposes of this Motion, the Court will assume that Petitioner's first claim is not barred by the applicable statute of limitations.

A.   CLAIM ONE

As stated, Petitioner's first claim is that his counsel was ineffective for erroneously advising him that the Utah State Parole Board would likely parole Petitioner into federal custody after he was sentenced in the underlying criminal case.

The Tenth Circuit has held that "'[w]hile the Sixth Amendment assures an accused of effective assistance of counsel in 'criminal prosecutions,' this assurance does not extend to collateral aspects of the prosecution.'"[2] The Tenth Circuit has further held that "[t]he defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences. Consequences of a guilty plea unrelated to the length and nature of the federal sentence are not direct consequences."[3]

In this matter, what the Utah State Parole Board may do in the future is a collateral consequence. Therefore, the Sixth Amendment is not implicated and Petitioner's first ineffective assistance claim fails.

Even if the Court were to consider Petitioner's claim on the merits, the Court finds that Petitioner has failed to show deficient performance. The Tenth Circuit has held that, in some circumstances, gross misadvice about parole eligibility can render legal assistance ineffective.[4] The Court cannot find that Petitioner's counsel gave gross misadvice. Rather, as set out in counsel's affidavit, she merely stated that "the state of Utah would *likely* parole him into federal

---

[2]*Varela v. Kaiser*, 976 F.2d 1357, 1358 (10th Cir. 1992) (quoting *United States v. George*, 869 F.2d 333, 337 (7th Cir. 1989)).

[3]*United States v. Hurlich*, 293 F.3d 1223, 1230-31 (10th Cir. 2002).

[4]*See Beavers v. Saffle*, 216 F.3d 918, 925 (10th Cir. 2000).

custody and thereby effect a concurrent running of his state and federal sentences."[5]  The Court cannot find that such a statement constitutes deficient performance.  Therefore, this claim fails.

B.     CLAIM TWO

Petitioner's second claim is that counsel was ineffective for failing to negotiate for and incorporate into his plea agreement a condition that his federal sentence run concurrently to his undischarged state sentence.  The Court finds this claim is barred by the applicable statute of limitations.

> 28 U.S.C. § 2255(f) provides:
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this matter, Petitioner's conviction would have become final under § 2255(f)(1) after the time to seek direct appeal expired.[6]  Under the rules in effect at the time of Petitioner's sentencing, Petitioner had ten days after the entry of judgment to file an appeal.[7]  Judgment was entered on July 2, 2008.  Thus, for the purposes of § 2255(f)(1), Petitioner's conviction became

---

[5] Case No. 2:10-CV-544 TS, Docket No. 2, Ex. A, ¶ 2 (emphasis added).

[6] *Clay v. United States*, 537 U.S. 522, 527 (2003).

[7] Fed.R.App.P. 4(b)(1)(A) (2008).

final on July 17, 2008, when the ten-day deadline to appeal expired.[8] Petitioner did not file his Motion until June 9, 2010, nearly two years after his conviction became final under § 2255(f)(1).

Petitioner argues that this matter is timely under § 2255(f)(4) because the facts supporting this claim were not discovered until June 2009. Presumably, this is when the Utah Parole Board decided not to parole Petitioner into federal custody.

The Court finds that "the date on which the facts supporting the claim . . . presented could have been discovered through the exercise of due diligence" was not June 2009, but was, instead, April 8, 2008, the date of Petitioner's change of plea. It was the date of his change of plea that Petitioner would have discovered that counsel had failed to negotiate for and incorporate into his plea agreement a condition that his federal sentence run concurrently to his undischarged state sentence.

Petitioner's argument points to no new "facts" discovered in June 2009. Rather than discovering new "facts" at that time, Petitioner discovered the legal significance of certain facts already in existence. "Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts."[9] It would have been clear to Petitioner in April 2008 that counsel had failed to negotiate an express term in his plea agreement concerning a concurrent sentence, though it was not until June 2009 that Petitioner learned the consequences of that failure. This does not provide a sufficient basis for the Court to begin the limitations period at the date suggested by Petitioner.

---

[8] *See* Fed. R.App. P. 26(a)(2) (excluding weekends and holidays from time computation).

[9] *United States v. Collins*, 364 Fed.Appx. 496, 498 (10th Cir. 2010).

Under § 2255(f), the Court must apply the latest date to begin the limitations period. Under § 2255(f)(1), Petitioner's conviction became final on July 17, 2008. Under § 2255(f)(4), Petitioner would have discovered the facts supporting his claim on April 8, 2008. Based on the above, the Court finds that the one-year limitations period began to run on July 17, 2008. As stated, Petitioner did not file the instant Motion until June 9, 2010. Therefore, the Court finds this claim to be untimely.

In certain circumstances, the statute of limitations may be equitably tolled. Petitioner, however, has not presented anything to suggest that equitable tolling should be applied here. Therefore, the Court find's Petitioner's second claim to be barred by the relevant one-year statute of limitations.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in Case No. 2:10-CV-544 TS) is DENIED.

The Clerk of the Court is directed to close Case No. 2:10-CV-544 TS forthwith.

DATED   September 27, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge